

2011 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-29-2011

# Laureen Boles v. Phila Water Dept

Precedential or Non-Precedential: Non-Precedential

Docket No. 10-2870

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2011

Recommended Citation

"Laureen Boles v. Phila Water Dept" (2011). *2011 Decisions.* Paper 986.
http://digitalcommons.law.villanova.edu/thirdcircuit_2011/986

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2011 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2870
_____

LAUREEN M. BOLES,

Appellant

v.

CITY OF PHILADELPHIA WATER DEPARTMENT

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Civ. No. 2-06-cv-01609)
District Judge: Hon. Stewart Dalzell

Submitted pursuant to Third Circuit LAR 34.1(a)
Tuesday, May 24, 2011

Before: McKEE, *Chief Judge*, SCIRICA and RENDELL, *Circuit Judges*

(Opinion filed:  June 29, 2011)

_____

OPINION
_____

McKEE, *Chief Judge*.

Laureen M. Boles appeals the district court's order granting summary judgment in favor

of Defendant City of Philadelphia on the claims she brought under Title VII and Pennsylvania's

Human Relations Act.  For the reasons set forth below, we will affirm.

1

Because we write primarily for the parties, we need not repeat the facts or procedural history of this case. Moreover, the district court has ably summarized the relevant background. *See Boles v. City of Phila. Water Dept.*, 2010 WL 2044473 (E.D. Pa. May 21, 2010). On appeal, Boles argues that the district court erred: (1) when it granted summary judgment to the City of Philadelphia on her claim that she was subject to disparate treatment on account of her race; and (2) when it failed to consider claims of retaliation and hostile work environment, which did not appear in Boles's complaint. Those claims were raised in Boles' response to the City's motion for summary judgment.

In his detailed and thoughtful opinion, Judge Dalzell carefully and clearly explained his reasons for granting the City's motion for summary judgment. *See id*. We can add little to Judge Dalzell's analysis and discussion and we will therefore affirm the district court's order for substantially the same reasons as set forth in that opinion.